1 **LAQUER, URBAN, CLIFFORD & HODGE LLP**
Marija Kristich Decker, State Bar No. 207387
2    Email: Decker@luch.com
3 Andrew Quinn Thompson, State Bar No. 340286
   Email: AThompson@luch.com
4 200 South Los Robles Avenue, Suite 500
Pasadena, California 91101-2432
5 Telephone: (626) 449-1882
Facsimile: (626) 449-1958
6
7 Counsel for Plaintiffs, Trustees of the Operating Engineers Pension Trust, et al.

8 **UNITED STATES DISTRICT COURT**

9 **CENTRAL DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST, TRUSTEES OF THE OPERATING ENGINEERS HEALTH AND WELFARE FUND, TRUSTEES OF THE OPERATING ENGINEERS VACATION-HOLIDAY SAVINGS TRUST, TRUSTEES OF THE OPERATING ENGINEERS TRAINING TRUST, TRUSTEES OF THE OPERATING ENGINEERS LOCAL 12 DEFINED CONTRIBUTION TRUST, ENGINEERS CONTRACT COMPLIANCE COMMITTEE FUND, and SOUTHERN CALIFORNIA PARTNERSHIP FOR JOBS FUND, <br><br>             Plaintiffs, <br><br>     vs. <br><br> CONSOLIDATED STREET SWEEPING, INC., a California corporation, <br><br>             Defendant. | CASE NO.:  8:24-cv-795 <br><br> **COMPLAINT FOR BREACH OF WRITTEN COLLECTIVE BARGAINING AGREEMENT AND VIOLATION OF ERISA § 515 [29 U.S.C. § 1145]** |

1
**COMPLAINT**

1785900.DOC

Plaintiffs, Trustees of the Operating Engineers Pension Trust, Trustees of the Operating Engineers Health and Welfare Fund, Trustees of the Operating Engineers Vacation-Holiday Savings Trust, Trustees of the Operating Engineers Training Trust, Trustees of the Operating Engineers Local 12 Defined Contribution Trust, Engineers Contract Compliance Committee Fund, and Southern California Partnership for Jobs Fund, complain and allege:

## JURISDICTION AND VENUE

1. This Court has jurisdiction of this case pursuant to section 502(e)(1) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") [29 U.S.C. §1132(e)(1)], which grants the United States District Courts jurisdiction over civil actions brought by a fiduciary pursuant to section 502(a)(3) of ERISA [29 U.S.C. §1132(a)(3)] to redress violations or enforce the terms of ERISA or an employee benefit plan governed by ERISA. Such jurisdiction exists without respect to the amount in controversy or the citizenship of the parties, as provided in section 502(f) of ERISA [29 U.S.C. §1132(f)].

2. This Court also has jurisdiction of this case pursuant to section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA") [29 U.S.C. §185(a)], which grants the United States original jurisdiction over suits for violation of contracts between an employer and a labor organization in an industry affecting commerce, without respect to the amount in controversy and the citizenship of the parties.

3. Venue is proper in this Court pursuant to section 502(e)(2) of ERISA [29 U.S.C. § 1132(e)(2)], and section 301(a) of the LMRA [29 U.S.C. § 185(a)], in that this is the district in which the Plaintiffs' Trusts (defined below) are administered, the signatory union maintains union offices, and where the contractual obligation is to be paid.

4. To the extent this Complaint sets forth any state law claims, this Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. §1367(a).

**PARTIES**

5. Plaintiffs, Trustees of the Operating Engineers Pension Trust, Trustees of the Operating Engineers Health and Welfare Fund, Trustees of the Operating Engineers Vacation-Holiday Savings Trust, Trustees of the Operating Engineers Training Trust, and Trustees of the Operating Engineers Local 12 Defined Contribution Trust (collectively, the "Trustees"), are the trustees of five express trusts (collectively, the "Trusts") created pursuant to written declarations of trust (the "Trust Agreements") between the International Union of Operating Engineers, Local Union No. 12 ("Local 12"), and various multiemployer associations in the construction industry in Southern California and Southern Nevada. The Trusts are now, and were at all times material to this action, labor-management multiemployer trusts created and maintained pursuant to section 302(c)(5) of the LMRA [29 U.S.C. § 186(c)(5)]. The Plaintiffs, as trustees of the Trusts, are "fiduciar[ies]" with respect to the Trusts as defined in section 3(21)(A) of ERISA [29 U.S.C. § 1002(21)(A)]. Plaintiff, Engineers Contract Compliance Committee Fund, is established by Local 12 in accordance with Section 6(b) of the Labor Management Cooperation Act of 1978 in order to improve job security and organizational effectiveness. Plaintiff, Southern California Partnership for Jobs Fund, is an industry-wide advancement fund established by the employers and Local 12. Collectively, all plaintiffs are referred to herein as the "Plaintiffs."

6. At all times material herein, Local 12 has been a labor organization representing employees in the building and construction industry in Southern California and Southern Nevada, and a labor organization representing employees in an industry affecting commerce within the meaning of § 301(a) of the Labor-Management Relations Act of 1947, as amended [29 U.S.C. § 185(a)].

///

///

///

**COMPLAINT**

7. Plaintiffs are informed and believe, and thereon allege, that at all times material herein, Consolidated Street Sweeping, Inc., a California corporation ("Defendant") was and is a California corporation with its principal place of business in Fullerton, California.

## EXECUTION OF BARGAINING AGREEMENT
## AND STATUS OF PARTIES

8. On or about January 9, 2017, Defendant executed and delivered a written collective bargaining agreement (the "Master Agreement") to Local 12, whereby Defendant agreed to be bound by the terms and conditions, with certain exceptions, of certain written and existing collective bargaining agreements between various multiemployer associations and Local 12. In particular, Defendant agreed to be bound by the written Master Agreement in effect between Local 12 and the Association. The Master Agreement provides that Defendant shall be bound by any renewals or extensions thereto. The Master Agreement further provides that Defendant shall continue to be bound by the Master Agreement on a year to year basis after its expiration.

9. On or about January 9, 2017, Defendant executed written acknowledgments and acceptances of each of the Trust Agreements.

10. Defendant is an "*employer*," as that term is understood in the Master Agreement and related Trust Agreements.

11. Defendant is an "*employer*" as defined and used in section 3(5) of ERISA [29 U.S.C. § 1002(5)], and therefore, Defendant is "*obligated to make contributions to a multiemployer plan*" within the meaning of section 515 of ERISA [29 U.S.C. § 1145]. Plaintiffs are informed and believe, and thereon allege, that Defendant is also an "*employer*" engaged in "*commerce*" in an "*industry affecting commerce*," as those terms are defined and used in sections 501(1) and 501(3) of the LMRA [29 U.S.C. §§ 142(1), 142(3)], and within the meaning and use of section 301(a) of the LMRA [29 U.S.C. § 185(a)].

# CLAIM FOR RELIEF

## Breach of Written Collective Bargaining Agreement and Violation of § 515 of ERISA [29 U.S.C. § 1145]

12. Plaintiffs hereby refer to, and incorporate herein, paragraphs 1 through 11 above, inclusive of any and all subparagraphs, to the same effect as if set forth verbatim.

13. Section 515 of ERISA [29 U.S.C. § 1145], provides *"[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."*

14. Defendant is an *"employer"* as defined and used in § 3(5) of ERISA [29 U.S.C. § 1002(5)], and is *"obligated to make contributions to a multiemployer plan"* within the meaning and use of section 515 of ERISA [29 U.S.C. § 1145].

15. By the terms and provisions of the Master Agreement and related Trust Agreements, and at all times material herein:

   15.1 Defendant agreed to prepare and submit true, complete, and accurate written monthly contribution reports ("Monthly Reports") to Plaintiffs in a timely manner showing the identity of its employees performing work covered by the Master Agreement, the number of hours worked by or paid to these employees, and based upon the hours worked or amounts paid to employees, the proper calculation of the fringe benefit contributions due for such employees. At all times material herein, Defendant has been obligated to submit monthly reports and pay fringe benefit contributions to Plaintiffs at their place of business in Pasadena, California, on or before the 10th day of each successive month;

   15.2 Defendant agreed to permit Plaintiffs and their agents to conduct audits of payroll and related records in order to determine if fringe benefit contributions have been properly paid pursuant to the Master Agreement and related

1 Trust Agreements; and

2     15.3  Defendant agreed to pay to Plaintiffs fringe benefit contributions, benefits and/or withholdings on a monthly basis, and at specified rates for each hour worked by, or paid to, applicable employees.  These amounts are due and payable at the Trusts' administrative offices in Pasadena, California.

    16.  Defendant submitted Monthly Reports to Plaintiffs reflecting work performed by Defendant's employees during the months of October 2023 through February 2024.  By those Monthly Reports, Defendant admitted that it owed Plaintiffs fringe benefit contributions totaling at least $27,572.93, but Defendant failed to pay to Plaintiffs the fringe benefit contributions due in violation of the Master Agreement and Trust Agreements, and its statutorily mandated obligation under section 515 of ERISA [29 U.S.C. § 1145], to timely pay fringe benefit contributions to Plaintiffs pursuant to the Master Agreement and related Trust Agreements for that work.  Failure to pay these contributions is a breach of the Master Agreement and Trust Agreements, and a violation of section 515 of ERISA [29 U.S.C. § 1145].  The amount of $27,572.93 in fringe benefit contributions remains due by Defendant for the work months of October 2023 through February 2024.  This amount is due and payable at Plaintiffs' administrative offices in Pasadena, California.

    17.  Plaintiffs are informed and believe, and based thereon allege, that Defendant has failed to pay certain additional amounts of fringe benefit contributions not presently known to Plaintiffs for the month of February 2024 forward.  These additional amounts will be established by proof at the trial herein.

    18.  Defendant is "*delinquent*," as that term is used in the Master Agreement and related Trust Agreements.

    19.  Plaintiffs are informed and believe, and based thereon allege, that there is no legal excuse for Defendant's breach of its obligations under the Master Agreement and related Trust Agreements in violation of section 515 of ERISA [29 U.S.C. § 1145].

20. Defendant has failed to timely pay contributions and other amounts owed to Plaintiffs, accruing since August 2023. Pursuant to the Master Agreement, and Trust Agreements, Defendant agreed that in the event Defendant failed to pay fringe benefit contributions, or otherwise comply with the terms and provisions of the Master Agreement and related Trust Agreements, Defendant would be considered delinquent with the Trusts and would pay Plaintiffs the greater of $25.00 per month or ten percent (10%) of the total amount then due as liquidated damages for each delinquency.

21. Pursuant to section 502(g)(2) of ERISA [29 U.S.C. § 1132(g)(2)], in any action by a fiduciary in which judgment is found in favor of the plan, the Court shall award the plan: (i) the unpaid contributions, (ii) interest on the unpaid contributions, (iii) an amount equal to the greater of (a) interest on the unpaid contributions or (b) liquidated damages provided for under the plan in an amount not in excess of 20% (or such higher percentage as may be permitted under federal or state law) of the amount determined by the Court to be unpaid contributions, (iv) reasonable attorneys' fees and costs, and (v) such other legal or equitable relief as the Court deems appropriate. For purposes of section 502(g)(2) of ERISA [29 U.S.C. § 1132(g)(2)], interest on unpaid contributions shall be determined by using the rate provided under the plan or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1986, as amended, 26 U.S.C. § 6621.

22. Pursuant to the Master Agreement, related Trust Agreements, and section 502(g)(2)(C) of ERISA [29 U.S.C. § 1132(g)(2)(C)], Defendant owes Plaintiffs liquidated damages on all unpaid and untimely paid fringe benefit contributions. The exact amount of liquidated damages will be established by proof.

23. Pursuant to the Master Agreement, related Trust Agreements, and section 502(g)(2)(B) of ERISA [29 U.S.C. § 1132(g)(2)(B)], Defendant owes Plaintiffs interest at the rates established pursuant to 26 U.S.C. § 6621 from the respective due dates on all unpaid fringe benefit contributions and other amounts due. The exact amount of interest owed by Defendant to Plaintiffs will be established by proof.

24. By the Master Agreement and related Trust Agreements, Defendant agreed to pay Plaintiffs all legal and auditing costs in connection with the collection of any delinquency, whether incurred before or after litigation is, or was, commenced.

25. It has been necessary for Plaintiffs to engage legal counsel for the purpose of collecting said contributions and damages, and Plaintiffs are entitled to their reasonable attorneys' fees in connection therewith pursuant to the Agreement, Master Agreement, Trust Agreements, and section 502(g)(2)(D) of ERISA [29 U.S.C. § 1132(g)(2)(D)]. The exact amount of the legal fees due and payable has not been ascertained at this time. These amounts shall be established by proof.

26. Pursuant to section 502(g)(2) of ERISA [29 U.S.C. § 1132(g)(2)(E)], the Court may grant such other legal or equitable relief as the Court deems appropriate. As part of Plaintiffs' judgment, Plaintiffs shall request the Court to:

    26.1 Order Defendant to post and deliver either a good faith deposit, or a performance bond issued in favor of Plaintiffs in an amount determined by the Court to be appropriate, and

    26.2 Order the creation of a constructive trust on all applicable property and order the transfer of the applicable property to the Trusts, and

    26.3 Order Defendant to pay Plaintiffs all amounts due to the Trusts, including, but not limited to, all unpaid contributions, benefits, withholdings, damages, legal fees, audit costs and other expenses and damages incurred.

## **PRAYER**

WHEREFORE, as to all Claims for Relief, Plaintiffs pray for judgment against Defendant as follows:

1. For unpaid fringe benefit contributions in the sum of $27,572.93, plus additional amounts as proved;

2. For liquidated damages pursuant to section 502(g)(2)(C) of ERISA in amounts as proved;

3. For interest pursuant to section 502(g)(2) of ERISA [29 U.S.C. § 1132(g)(2)], and section 6621 of the Internal Revenue Code of 1986, as amended, 26 U.S.C. § 6621, or at the legal rate, in amounts as proved;

4. For audit costs in amounts as proved;

5. For reasonable attorneys' fees and costs of suit incurred;

6. For a good faith deposit or performance bond in favor of Plaintiffs in an amount equal to the total amount determined by this Court to be due to Plaintiffs, as proved; and

7. For such additional relief as this Court deems just and proper.

DATED: April 11, 2024         LAQUER, URBAN, CLIFFORD & HODGE LLP

By: /s/ - *Andrew Quinn Thompson*
Andrew Quinn Thompson, Counsel for Plaintiffs, Trustees of the Operating Engineers Pension Trust, et al.

**WAIVER OF JURY RIGHT**

Plaintiffs hereby waive a jury trial in this action.

DATED: April 11, 2024         LAQUER, URBAN, CLIFFORD & HODGE LLP

By: /s/ - *Andrew Quinn Thompson*
Andrew Quinn Thompson, Counsel for Plaintiffs, Trustees of the Operating Engineers Pension Trust, et al.